IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL CASE NO. 2:02cr39-KS-RHW
CIVIL ACTION NO. 2:04cv385

ANDREW R. SEALS

## ORDER

This cause is before the Court on [47] Motion to Vacate filed by Andrew R. Seals under 28 U.S.C. 2255 filed November 23, 2004, [48] Motion to Appoint New Counsel filed February 7, 2005, [49] Motion to Proceed *In Forma Pauperis* filed February 23, 2005, [50] Motion to Appoint Counsel filed March 30, 2005, [52] Motion to Vacate, Set Aside and Correct Sentence filed May 19, 2005 and [53] Motion for Jail Credit filed June 29, 2005 and Response thereto by the Government, and the Court after throughly reviewing the motions and response does hereby find that all of said motions should be **denied** for the following reasons to-wit:

## FACTUAL BACKGROUND

The Petitioner was indicted for Conspiracy to Sell or Dispense Narcotics on September 11, 2002, and entered a plea of guilty on December 2, 2002, to counts one and two of the indictment. Petitioner was sentenced on February 19, 2003, and final judgment entered on February 28, 2003, sentencing Petitioner to a period of 120 months imprisonment and 60 months supervised release and other sanctions. On March 6, 2003, the case was finally closed. On November 23, 2004, a Motion to Vacate was filed by Andrew R. Seals and a subsequent Motion to Vacate was filed on May 19, 2005. There are various other motions that will be discussed

1

briefly.

## DISCUSSION

The motions under 22 U.S.C. § 2255 [47][52] are barred by the one year period of limitation. 28 U.S.C. § 2255 provides in part:

> A one year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction became final.

The Fifth Circuit has held that if the motion is not filed within one year of the date of conviction that the conviction becomes final and it is time barred. See *U.S. v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). In the present case no appeal was filed and the Defendant was sentenced on February 19, 2003. Both Motions to Set Aside and Vacate were filed well beyond the one year period from the Defendant's date of conviction. The Defendant's [47][52] motions should therefore be **dismissed**.

In addition to being time barred there were significant waivers executed by the Petitioner. The Court went over in detail the waivers that were being entered into, including the right to appeal. (See Exhibit A to response by Government).

The law in this circuit is that pleas voluntarily and validly entered into are enforced by the Appellate Court. See *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994), *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Ineffective assistance of counsel claim may be an exception to the waiver, but not if the waiver is knowingly and voluntarily made. *United States v. Portillo*, 18 F.3d 290, 292-293 (5th Cir.) *Cert. denied*, 513 U.S. 893 (1994) (Defendant held to plea agreement including waiver of his right to appeal that was informed and voluntary).

Ineffective assistance of counsel claims only survive a waiver of appeal if they directly relate to the voluntariness of the waiver and, in this case, Petitioner is not challenging the voluntariness of the waiver. Hence, the waiver is valid.

Additionally, the Petitioner challenges the Court's calculations and application of the Federal Sentencing Guidelines. Claims based on alleged miscalculations of the Sentencing Guidelines are not recognized under 28 U.S.C. § 2255. The Petitioner further argues that he was enhanced and that there was a two level enhancement, but the record clearly indicates that it did not occur. (See Exhibit 22 Government's response).

The Motions to Appoint New Counsel, Proceed *In Forma Pauperis*, and Second Motion to Appoint Counsel are **denied** as being moot. The Motion for Jail Time Credit is likewise **denied** as there is insufficient information and proof to establish that the Petitioner is not getting jail time credit to which he is entitled.

For the above reasons, all of the motions that are currently pending in the above styled case are hereby **denied**. A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED on this, the 31st day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE